UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN McAUTHOR McGEE,<br><br>    Petitioner,<br><br>vs.<br><br>RICHARD KIRKLAND, Warden,<br><br>    Respondent. | Case No. CV 05-5077-PSG (OP)<br><br>MEMORANDUM AND ORDER RE: VACATING AND SETTING ASIDE OF JUDGMENT AND ORDER PURSUANT TO FED. R. CIV. P. 60 |

## I.
## **BACKGROUND AND PROCEEDINGS**

On July 12, 2005, Brian McGee ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.) On October 27, 2005, Respondent filed an Answer to the Petition. (ECF No. 6.) On February 13, 2006, Plaintiff filed a Reply to the Answer. (ECF No. 12.)

On August 10, 2009, this Court issued a Report and Recommendation recommending that habeas relief be granted on the basis that the prosecutor at Petitioner's state court trial impermissibly used peremptory challenges to remove African-Americans from the jury in violation of Batson v. Kentucky, 476 U.S. 79,

106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). (ECF No. 14.) At that time, the Court declined to reach the merits of Petitioner's two other grounds for relief. (Id. at 29 n.17.) On June 18, 2010, the Court entered Judgment, after adopting the Magistrate Judge's Recommendation that the Petition be granted. (ECF No. 25.)

Respondent appealed to the Ninth Circuit Court of Appeals. (ECF No. 26.) On February 26, 2013, the Ninth Circuit reversed the Judgment of the Court and denied habeas relief on Petitioner's Batson challenge. (ECF No. 47.) Thus, the matter was remanded for the Court to consider Petitioner's remaining two claims for relief.

On March 29, 2013, this Court issued a Supplemental Report and Recommendation, recommending the denial of habeas relief on the remaining two claims, and directing that Judgment be entered denying the Petition and dismissing this action with prejudice. (ECF No. 49.) On May 21, 2013, Judgment was entered denying the Petition and dismissing this action with prejudice. (ECF No. 4.) On the same date, an Order was entered denying the issuance of a certificate of appealability. (ECF No. 55.)

On June 18, 2013, Petitioner filed a Motion for Relief from Final Judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure ("Rule 60 Motion"). (ECF No. 56.) On June 19, 2013, Petitioner filed a Notice of Appeal with the Ninth Circuit. (Ecf No. 57.) On July 30, 2013, the Ninth Circuit held the proceedings in abeyance pending this Court's resolution of the Rule 60 Motion. (ECF No. 60.)

For the reasons set forth below, the Order and Judgment entered by this Court on May 21, 2013, dismissing the action with prejudice are hereby vacated and set aside.

## II.

## DISCUSSION

Upon its own initiative or on the motion of any party, a court may correct

clerical mistakes in judgments, orders, or other parts of the record arising from oversight or omission. Fed. R. Civ. P. 60(a). A district court has very wide latitude in correcting clerical mistakes in a judgment. In re Jee, 799 F.2d 532, 535 (9th Cir. 1986). However, such a correction may only conform the judgment to the court's original intent. See Harman v. Harper, 7 F.3d 1455, 1457 (9th Cir. 1993) (citing Robi v. Five Platters, Inc., 918 F.2d 1439, 1445 (9th Cir. 1990) ("A district court judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision."). This limits the use of Rule 60(a) to correct errors in oversight and omission, which are "blunders in execution." Blanton v. Anzalone, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987). The error can be corrected whether it is made by a clerk or by the judge. Id. at 1577. Rule 60(a) "cannot be used to correct more substantial errors, such as errors of law." Waggoner v. R. McGray, Inc., 743 F.2d 643, 644 (9th Cir. 1984) (per curiam).

As set forth above, on May 21, 2013, Judgment was entered denying the Petition and dismissing this action with prejudice. (ECF No. 4.) On the same date, an Order was entered denying the issuance of a certificate of appealability. (ECF No. 55.) In his Rule 60 Motion, Petitioner, through counsel, declares that he filed a Petition for Writ of Certiorari on April 15, 2013, after the Ninth Circuit had remanded the matter back to this Court for consideration of Petitioner's two remaining claims. The Petition for Writ of Certiorari was denied on June 17, 2013. In the interim, this Court issued the Supplemental Report and Recommendation without providing counsel with a copy it. As a result, Petitioner was not able to file objections thereto. The Court subsequently entered Judgment denying the Petition with prejudice. (ECF No. 56 at 2-4.) Given the clerical error which resulted in the entry of the Judgment without allowing Petitioner, through counsel, to receive the Supplemental Report and Recommendation or the opportunity to file objections thereto, the Court finds that relief from Judgment is warranted. Fed. R.

Civ. P. 60(a).

## III.
## **CONCLUSION**

Based on the foregoing, the Order and Judgment entered by this Court on May 21, 2013 (ECF Nos. 53, 54), dismissing the action with prejudice are hereby vacated and set aside. The Clerk is directed to provide the parties with the Supplemental Report and Recommendation (ECF No. 49). Thereafter, Petitioner shall have thirty days to file objections thereto. Respondent shall have fourteen days thereafter to file any objections thereto.

**IT IS SO ORDERED**.

DATED: August 16, 2013

HONORABLE PHILIP S. GUTIERREZ
United States District Judge

Presented by:

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge